# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BUSTER R. MORGAN,

                Petitioner,           :     Case No. 3:15-cv-237

     - vs -                        District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,[1]

                                :
                Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case was transferred to this Court by the United States District Court for the Northern District of Ohio (Doc. No. 12). When the case was first filed, Judge Nugent of the transferor court ordered the Warden to file a return of writ and gave Morgan thirty days from the filing of the return to file a reply (Doc. No. 7, PageID 50). The Return was filed on May 14, 2015 (Doc. No. 11) and Morgan has filed no reply, so the case is ripe for decision on the Petition and Return.

Morgan pleads the following Grounds for Relief:

> **GROUND ONE:** The trial court abused its discretion by denying the defendant's motion to withdraw plea.
>
> **Supporting Facts:** The defendant clearly met the burden of showing that the defendant's trial counsel's performance prejudiced the defendant to such an extent that the guilty plea could not have been made knowingly, voluntarily, and intelligently, and being that the defendant was diligent and precise

---

[1] The Ohio Adult Parole Authority, reported to be Petitioner's current custodian, is substituted as the Respondent herein and the caption is amended accordingly.

by stating every prejudicial issue, and exhibiting evidence as proof, the trial court's denial; of defendant's motion to withdraw plea was arbitrary and unconscionable.

**GROUND TWO:** The defendant was completely denied counsel at the July 17, 2013 evidentiary hearing, without notification being submitted to the public defender's office.

**Supporting Facts:** The trial court found that the defendant's postconviction motion to withdraw plea was sufficient enough to warrant an evidentiary hearing on the merits of said motion. The evidentiary hearing was a critical stage of the judiciary process, and being that the defendant is an inmate in the Ohio Dept. of Rehab and Corr. (ODRC), the defendant is presumptively indigent. Furthermore, the defendant orally requested appointed counsel, on the record, prior to the commencement of the hearing.

**GROUND THREE:** The defendant was left handcuffed at all times during the July 17, 2013 evidentiary hearing.

**Supporting Facts:** The defendant is a pro se litigant that was denied the assistance of appointed counsel. By leaving the defendant handcuffed at all times during the July 17, 2013 hearing, the trial court impaired his ability to be able to produce and present the essential material evidence that is the sole purpose for an evidentiary hearing. This also substantially impaired the defendant's ability to forcefully argue his motion, and helpless at the hearing.

**GROUND FOUR:** The defendant was denied a full and fair hearing with full and fair consideration given to the defendant's motion.

**Supporting Facts:** The trial court's denial of defendant's diligent motion to withdraw plea was clearly unreasonable. Not only was the defendant denied counsel, or the opportunity for counsel, but he was left handcuffed the entire hearing as well, which left him unable to properly present evidence, represent himself. Furthermore, the trial court issued a July 24, 2013 judgment entry denying defendant's motion that contained erroneous factual information, which is proof that the trial court failed to even have true and accurate knowledge of the information in said motion.

(Petition, Doc. No. 1.)

**Procedural History**

On October 14, 2009, Morgan was indicted on four counts arising out of an automobile collision in which the car he was driving struck and killed Jeffrey Gates and struck and seriously injured Virgil Gates.  On March 8, 2010, Morgan accepted a plea agreement under which he would plead guilty to one count of failure to stop after an accident resulting in death and one count of failing to stop after an accident resulting in serious physical harm.  In return the State agreed to dismiss the remaining charges.  In April 2010 the trial court sentenced Morgan to consecutive imprisonment sentences of four years on Count 1 and eleven months of Count 2.

Morgan took no appeal, but more than three years later filed a *pro se* motion to withdraw his guilty plea.  He asserted he was induced to enter the guilty plea by unfulfilled promises made by his defense counsel, the trial court relies on materially incorrect information, and he was denied effective assistance of counsel.  At an evidentiary hearing on the motion, Morgan requested and was denied counsel.  After the trial court denied his motion to withdraw, he appealed to the Third District Court of Appeals which affirmed.  *State v. Morgan*, Case No. 8-13-14 (3rd Dist. Feb. 10, 2014)(unreported, copy at Doc. No. 11-2, PageID 225 et seq.).  The Supreme Court of Ohio declined jurisdiction over a subsequent appeal.  *State v. Morgan*, 139 Ohio St. 3d 1419 (2014).  Thereafter Morgan filed the instant Petition.

# Analysis

**Ground One:  Denial of Motion to Withdraw Plea**

The substance of Morgan's First Ground for Relief is that his guilty plea is invalid because he received ineffective assistance of trial counsel in that his counsel guaranteed him judicial release after he had served two years and successfully completed the Victim Awareness Program.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  There is no constitutional right to withdraw a guilty plea once entered.

A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).  The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S.

458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady*, 397 U.S. at 755.  In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The identical standard applies to a plea of no contest or *nolo contendere*. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984*) abrogated in part by Puckett v. United States*, 556 U.S. 129 (2009).  A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea.  *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

5

Rather than just summarily affirm the trial court, the Third District in this case considered the merits of Morgan's claim that his plea was not knowing, intelligent, and voluntary. The Third District examined the plea colloquy transcript and found that Morgan had stated unequivocally that no promises had been made to induce him to plead guilty other than those in the written agreement or stated orally. To put the matter succinctly, a defendant cannot lie to a court to get it to accept a plea agreement and then come back three years later and say "I lied three years ago but I am telling the truth now. Let me out of the plea bargain."

The Third District's decision on the voluntariness of the plea is neither contrary to nor an objectively unreasonable application of the Supreme Court law on guilty pleas set forth above. Therefore the First Ground for Relief should be dismissed.

**Ground Two: Denial of Counsel at the Plea Withdrawal Hearing**

In his Second Ground for Relief, Morgan claims his constitutional rights were violated when he was denied counsel at the plea withdrawal hearing. Factually, he is correct. The judgment entry denying withdrawal recites that he moved for appointed counsel and the motion was denied.

However, there is no constitutional violation here. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

The Second Ground for Relief should be dismissed.

6

**Ground Three:  Handcuffing at Hearing**

In his Third Ground for Relief, Morgan asserts he was denied due process of law because he was handcuffed throughout his hearing on the motion to withdraw.  The Third District rejected the claim because Morgan had cited no authority to show that this was error and had shown no prejudice.  *State v. Morgan, supra*.

The Third District's decision on this issue is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court law.  Even during the trial of a capital case, shackling is not unconstitutional if necessary for security reasons.  *Deck v. Missouri*, 544 U.S. 622, 624 (2005).  This was not a jury proceeding where the presence of shackles would undermine the presumption of innocence.  Rather this was a post-conviction hearing while Morgan was still in custody and transported to court by prison authorities.  He had no constitutional right to attend the hearing without being handcuffed.  The Third Ground for Relief should therefore be dismissed.

**Ground Four:  Denial of a Full and Fair Hearing**

In his Fourth Ground for Relief, Morgan cumulates his other claims to state generally that he was denied a fair hearing because he was not appointed counsel, he was handcuffed, and the entry denying relief was based on misinformation.

The Constitution of the United States does not as a matter of due process guarantee any

hearing on a state court motion to withdraw a guilty plea.  *A fortiori* it does not guarantee that a movant will have an attorney and be allowed to appear without handcuffs.  As to the third point, Morgan does not say what was inaccurate in the trial judge's decision, but there is no constitutional right to an explained decision on a motion to withdraw a guilty plea.  The Fourth Ground for Relief should be dismissed.


**Conclusion**


Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 3, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).